FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN R. JACKSON, SR., a single person,<br><br>Plaintiff,<br><br>v.<br><br>ASOTIN COUNTY, ASOTIN COUNTY SHERIFF'S DEPARTMENT, SHERIFF JOHN HILDERBRAND, DEPUTY JEFFREY POLILLO, DEPUTY MICHAEL MCGOWAN, and DEPUTY LUCAS FORSBERG,<br><br>Defendants. | No. 2:18-CV-00022-SMJ<br><br>**PROTECTIVE ORDER** |

Before the Court are Defendants' Motion for Order of Protection Re: Personnel File of Jeffrey Polillo, ECF No. 24, Motion and Memorandum in Support of Sealing Jeffrey Polillo's Personnel File, ECF No. 27, and related motion to expedite, ECF No. 26. Plaintiff filed a combined response to the motion for a protective order and motion to seal. ECF No. 33. He requests oral argument. As the Court finds that oral argument is not warranted under Local Civil Rule 7(i)(3)(B)(iii), the Court considered the motion without oral argument on the date

ORDER ADOPTING STIPULATED PROTECTIVE ORDER **-** 1

signed below.

There is a strong presumption in favor of public access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal records bears the burden of overcoming this presumption by articulating compelling reasons sufficient to outweigh the public's interest in disclosure. *Id.* at 1178–79. Defendants assert that sealing Deputy Polillo's personnel file is necessary because the file is subject to a state restraining order prohibiting disclosure, and contains sensitive personal information including medical history, family history, and personal relationships.

Upon conducting an *in camera* review of Deputy Polillo's personnel file, which has been filed under proposed seal at ECF No. 23, the Court agrees with Defendants and concludes that the need for confidentiality of these documents outweighs the presumption of public access. Accordingly, the Court grants Defendants' motion to seal.

The Court now turns to whether the file must be produced in response to Plaintiff's request for production. Having reviewed the pleadings and the file in this matter, the Court concludes that the file contains discoverable information that must be produced. The information contained in the file may assist Plaintiff in determining whether Deputy Polillo was adequately trained, whether there were disciplinary proceedings against him, etc. Information need not be admissible to be

discoverable as long as it is relevant. *See* Fed R. Civ. P 26. As the information is relevant, the Court is inclined to order production.

Defendants seek a protective order in the event the file must be produced. And Plaintiff does not oppose the Court entering a protective order and sealing Deputy Polillo's personnel file as long as the parties are not prohibited from admitting any or all of the sealed documents into evidence at a later stage in this litigation. ECF Nos. 33, 34. The Court agrees that a protective order is the proper way to address Defendants' concern for Deputy Polillo's privacy without restricting access to broad discovery.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Order of Protection Re: Personnel File of Jeffrey Polillo, **ECF No. 24**, Motion and Memorandum in Support of Sealing Jeffrey Polillo's Personnel File, **ECF No. 27**, and related motion to expedite, **ECF No. 26**, are **GRANTED**.

2. Defendant Asotin County Sherriff's Department is authorized to produce Deputy Polillo's personnel file notwithstanding the state restraining order, as the Court finds the state restraining order inapplicable. Even if applicable, the Court concludes that limited disclosure is warranted under the terms of the Order.

3. Defendants' proposed sealed documents, **ECF No. 23**, shall be filed

**SEALED**.[1]

4. Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following protective order.

    *A.* The following procedures shall apply *only* to Deputy Polillo's personnel file under seal at ECF No. 23:

        i. All parties and their attorneys agree to treat Deputy Polillo's personnel file as confidential, except as necessary to present the parties' claims in the above-referenced case. The parties and their attorneys thereby agree not to disseminate the file to any third-party, except to:

            a. The parties, their attorneys, and the attorneys' staff;

            b. Consultants and experts retained by any party for the purpose of assisting in the preparation or presenting claims or defenses;

            c. Any person for the purpose of perfecting service of

---

[1] Going forward, counsel shall be aware that the Administrative Procedures for Filing Sealed Motions and Documents permit counsel to file documents under seal without leave of the Court when both parties agree that the material is governed by this Protective Order. For more information on filing documents with the Court, visit http://www.waed.uscourts.gov/electronic-how. A detailed guide to filing documents under seal is located under the Electronic Filing References tab.

notices of deposition and/or subpoenas for trial;

  **d.** Court personnel and staff; and

  **e.** Any other person authorized by the Court.

 **ii.** All the foregoing persons are to be bound by the specific terms of this Order. Any individual working on this case for any of the parties or attorneys shall be shown a copy of this Order and shall provide his or her consent to be bound by the terms herein prior to being shown confidential documents.

 **iii.** Upon completion of this litigation, all copies of the personnel file shall remain confidential, and shall be maintained in compliance with this Order.

 **iv.** Nothing in this Order shall prevent any party hereto from seeking modification of this Order.

 **v.** The Court may sanction anyone who violates the terms of this Order, including employees, agents, or experts of the violator. The parties must confer, prior to alerting the Court of such violation, to determine whether there is an appropriate remedy without involving the Court.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

provide copies to all counsel.

**DATED** this 15th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge